**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

ELLEN BUICE JOHNSTON,

    Plaintiff,

    v.

GREEN SHIPPING COMPANY NV; and
SEATRADE SHIPMANAGEMENT BV,

    Defendants.

CIVIL ACTION NO.: 4:20-cv-30

## O R D E R

In this negligence action, Plaintiff Ellen Buice Johnston seeks to recover for shoulder and back injuries she allegedly suffered while working on Defendants' vessel as a boarding agent in the Port of Savannah. (Doc. 1-3, pp. 4–8.) The matter is before the Court on Plaintiff's Motion for Partial Summary Judgment, in which she seeks judgment as a matter of law in her favor on the issue of liability (but not damages) and attorney's fees pursuant to O.C.G.A. § 13-6-11. (Doc. 19.) Defendants Green Shipping Company NV and Seatrade Shipmanagement BV jointly filed a Response, (doc. 24), and Amended Answers, (docs. 27, 28). In their Response and their Amended Answers, Defendants concede they breached the duty they owed to Plaintiff, but they deny that their negligence caused her claimed injuries. (See docs. 24, 27, 28.) Defendants also deny that Plaintiff is entitled to attorney's fees as a matter of law. (Id.) For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Partial Summary Judgment. (Doc. 19.)

## BACKGROUND

On June 13, 2019,[1] Plaintiff was working as a boarding agent for ships docking in the Port of Savannah when the vessel at issue in this case, the M/V Seatrade Green (the "Vessel"), arrived at the Port.[2]  (Doc. 27, p. 3; doc. 28, p. 2.)  Defendant Green Shipping owned the Vessel, and Defendant Seatrade acted as the Vessel's ship manager.  (Doc. 25, p. 1.)  After the Vessel docked, the crew began setting up its two-tiered gangway from the Vessel to the dock.  (Doc. 19-7, p. 1; doc. 25, p. 1.)  While the gangway's top tier is stationary, the bottom tier rolls out to the dock. (Doc. 19-7, p. 2; doc. 25, p. 2.)  After the crew set up the gangway, which was in good condition and operating normally, the Vessel's third officer went down the gangway and escorted Plaintiff, who had been waiting on the dock, up the gangway.  (Doc. 19-7, pp. 2–3; doc. 25, p. 2.)  As Plaintiff transitioned from the bottom tier of the gangway to the next stage, the gangway rolled out from underneath her, forcing her to cling to the handrails to avoid falling.  (Doc. 19-7, p. 3; doc. 25, p. 2.) It is undisputed that this occurred because a crew member began adjusting the gangway's angle while Plaintiff was still on it.  (Doc. 19-7, p. 3; doc. 25, p. 2.)  Despite having standard procedures requiring otherwise, the crew member did not check to see if anyone was on the gangway before adjusting it, nor did he warn Plaintiff that he was going to adjust it.  (Doc. 19-7, pp. 3–4; doc. 25, p. 2.)  During their depositions, the Vessel's captain, chief officer, third officer, and the crew member who moved the gangway all conceded that Plaintiff did nothing wrong during the incident.  (Doc. 19-7, pp. 3–4; doc. 25, p. 2.)

---

[1] Plaintiff's Complaint alleges that the incident at issue occurred on or about May 13, 2019.  (Doc. 1-3, p. 5.)  However, the parties now agree that the incident actually occurred on June 13, 2019.  (See doc. 24, p. 2 n.2.)

[2] On the date at issue, Plaintiff was employed by an entity that was not named as a defendant in this suit.

According to Plaintiff, she suffered injuries to both of her shoulders and her lower back when she had to grab onto the handrails of the top tier of the gangway to avoid falling. (Doc. 19, p. 1.) On January 7, 2020, she filed this action in the State Court of Chatham County under the Savings to Suitors clause of 28 U.S.C. § 1333, the admiralty jurisdiction statute, seeking damages for the injuries she suffered during the June 13, 2019, incident (hereinafter, the "Incident").[3] (Doc. 1-3, pp. 4–5.) On February 12, 2020, Defendants removed the case to this Court based on diversity jurisdiction. (Doc. 1, p. 2.) Defendants then filed Answers, (docs. 9, 10), and—just prior to the close of the discovery period—Plaintiff filed her Motion for Partial Summary Judgment, (doc. 19). Defendants filed a Response to the Motion, (doc. 24), and they also obtained leave to file Amended Answers, (docs. 27, 28).

## STANDARD OF REVIEW

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if it 'might affect the outcome of the suit under the governing law.'" FindWhat Inv'r Grp. v. FindWhat.com, 658 F.3d 1282, 1307 (11th Cir. 2011) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The moving party bears the burden of establishing that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. See Williamson Oil Co. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must

---

[3] "Under the savings-to-suitors clause [of the admiralty jurisdiction statute], a plaintiff in a maritime case alleging an *in personam* claim has three options: (1) the plaintiff may file suit in federal court under admiralty jurisdiction . . . ; (2) the plaintiff may file suit in federal court under diversity jurisdiction; or (3) the plaintiff may file suit in state court." St. Paul Fire and Marine Ins. Co. v. Lago Canyon, Inc., 561 F.3d 1181, 1187 n.13 (11th Cir. 2009).

identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011).  When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial.  See id. (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986)).  If the moving party discharges this burden, the burden shifts to the nonmovant to go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist.  Anderson, 477 U.S. at 257.

In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in the light most favorable to the nonmoving party.  Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Cnty., 630 F.3d 1346, 1353 (11th Cir. 2011) (citing Rodriguez v. Sec'y for Dep't of Corr., 508 F.3d 611, 616 (11th Cir. 2007)).  However, "facts must be viewed in the light most favorable to the non-moving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007).  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id.

## DISCUSSION

In her Complaint, Plaintiff alleges that "Defendants had substantial control and oversight of its [sic] officers, crew members and vessel equipment on board the [Vessel], and breached its [sic] duty to Plaintiff . . . by failing to exercise reasonable care in operating the vessel equipment." (Doc. 1-3, p. 6.)  She alleges that this negligence caused injuries to her shoulders and lumbar spine and that she is entitled to recover damages for the resulting medical expenses, lost wages, pain and

suffering, and permanent impairment. (Id. at pp. 6–7.) She also claims entitlement to attorney's fees and expenses under O.C.G.A. § 13-6-11 because Defendants have acted in bad faith, have been stubbornly litigious, and/or have caused her unnecessary trouble and expense. (Id. at p. 7.)

In her Motion for Partial Summary Judgment, Plaintiff argues that she is entitled to summary judgment on the issue of liability and also that she is entitled to an award of attorney's fees and expenses pursuant to O.C.G.A. § 13-6-11. (Doc. 19, p. 1.) The Court addresses each claim in turn.

**I.     Plaintiff's Negligence Claim**

"Maritime law governs actions arising from alleged torts committed aboard a ship sailing in navigable waters." Guevara v. NCL (Bahamas) Ltd., 920 F.3d 710, 720 (11th Cir. 2019); see also Minott v. M/Y BRUNELLO, 891 F.3d 1277, 1283 (11th Cir. 2018) ("Minott clearly alleged a maritime tort [because] [t]he incident 'occurred on navigable water' . . . . Although Minott was not yet aboard the vessel when the gangway collapsed, '[i]t is well established that traditional maritime law encompasses the gangway.'"). "In analyzing a maritime tort case, [federal courts] rely on general principles of negligence law." Guevara, 920 F.3d at 720 (quoting Chaparro v. Carnival Corp., 693 F.3d 1333, 1336 (11th Cir. 2012)). Thus, "[t]o prevail on a negligence claim, a plaintiff must show that '(1) the defendant had a duty to protect the plaintiff from a particular injury, (2) the defendant breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm.'" Id. (quoting Chaparro, 693 F.3d at 1336).

Plaintiff asserts that there is no genuine dispute as to any material fact regarding Defendants' liability for the injuries she sustained during the Incident. (Doc. 19, pp. 5–7.) Specifically, she claims there is no dispute that Defendants owned, operated, directed, and crewed

the Vessel and that Defendants had a duty to ensure that their employees would not move or adjust the gangway while Plaintiff was on it. (Id. at p. 6.) Plaintiff further contends that Defendants breached their duty to her because "[t]he evidence is indisputable that a crew member moved the gangway" while she was on it. (Id.) Finally, Plaintiff asserts that there is no dispute that Defendants' breach of their duty to her was the actual and proximate cause of the shoulder and back injuries she allegedly sustained. (Id. at pp. 6–7.)

In their Response, Defendants concede that they owed a duty to exercise reasonable care to Plaintiff under the circumstances and that they breached that duty when their crew member adjusted the gangway while Plaintiff was traversing it. (Doc. 24, pp. 1–3.) Defendants also filed Amended Answers conceding that the Incident occurred as a result of their breach of duty. (Doc. 27, p. 3; doc. 28, p. 3.) However, while Defendants concede their negligence caused the Incident, they dispute that their negligence caused the specific injuries and damages Plaintiff claims. (Doc. 24, p. 3.) Plaintiff alleges that the Incident caused injuries to her shoulders and lumbar spine. (Doc. 1-3, p. 6.) According to Defendants, ample evidence indicates that—prior to the Incident— Plaintiff was experiencing and being treated for the pain and issues in the same areas that she claims were injured during the Incident, meaning that the Incident may not have caused at least some—if not all—of the damages she has allegedly incurred. (Doc. 24, pp. 3–4.) Defendants point to testimony given by Plaintiff during her deposition, where she acknowledged that, prior to the Incident, she had been diagnosed with bursitis in both shoulders, had been diagnosed with a right shoulder impingement, and had been suffering from arthritis in her lower back and at least one of her shoulders. (See generally doc. 24-1.) She also testified that, about a month prior to the Incident, she was injured while traversing a gangway to a different vessel, and she acknowledged that this prior incident may have caused or at least contributed to the pain she had following the

Incident at issue here. (Doc. 19-1, pp. 9, 19.) Thus, Defendants argue, the issues of medical causation and damages must be resolved by a finder of fact.[4] (Doc. 24, p. 3.)

The Court agrees with Defendants. Granting summary judgment in favor of Plaintiff on all matters of liability is inappropriate. Proximate causation of the plaintiff's injury is an essential element of liability, Guevara, 920 F.3d at 720, and a genuine dispute of material fact exists as to the causation of Plaintiff's shoulder and back injuries. In her deposition, Plaintiff admits that the prior incident on another gangway injured her right shoulder, one of the same areas she alleges was injured in the at-issue Incident. (Doc. 19-1, p. 9.) Due to that prior incident, Plaintiff had visited her doctor and had an MRI on her right shoulder just prior to the at-issue Incident. (Id.) Plaintiff further admits that she has received continuous medical treatment to both of her shoulders since 2000. (Id. at p. 14.) Finally, regarding her other injuries, Plaintiff admits that she suffered from left shoulder pain and lower back pain prior to the Incident. (Id. at p. 19.) In light of the foregoing evidence, the Court cannot rule as a matter of law that the June 13, 2019, Incident necessarily injured Plaintiff's shoulders and back and was the cause of the damages she claims to have suffered thereafter due to shoulder and back pain. See Elardi v. Royal Caribbean Cruises, Ltd., No. 19-cv-25035-GRAHAM, 2020 WL 6870878, at *6 (S.D. Fla. Oct. 16, 2020) ("Plaintiff's summary judgment motion is denied because there are disputed issues of fact regarding Plaintiff's condition prior to the fall, whether the claimed injuries were caused by the fall as opposed to Plaintiff's preexisting conditions, and the extent to which the fall and/or Plaintiff's smoking may have aggravated Plaintiff's pre-existing pathology.").

Defendants have conceded that they owed Plaintiff a legal duty and that they breached that duty when the crew member moved the gangway, and that the breach caused the Incident. Further,

---

[4] Plaintiff did not file a reply to Defendants' Response.

they have not pointed to any evidence to show that a genuine issue of fact exists as to duty, breach, and causation of the Incident. Moreover, they have recently filed Amended Answers admitting duty and breach. Consequently, the Court **GRANTS** Plaintiff's Motion for Partial Summary Judgment as to the issues of duty, breach of duty, and causation of the Incident. (Doc. 19.) However, the Court **DENIES** the Motion on the issues of medical causation and damages, as disputes of fact remain as to those elements. (Id.)

## II.     Plaintiff's Claim for Attorney's Fees

In her Motion, Plaintiff asserts that she is entitled to attorney's fees under O.C.G.A. § 13-6-11 because, prior to the filing of her Motion, Defendants refused to admit liability, which she says constitutes "bad faith and stubborn litigiousness" that caused her "unnecessary trouble and expense." (Doc. 19, p. 8.) As evidence, Plaintiff points to a letter her counsel sent Defendants' counsel on July 29, 2020, seeking "to ascertain whether [Defendants] would be willing to consent to summary judgment on the issue of liability only[,] . . . leav[ing] the issue of damages to be litigated at a later time." (Doc. 19-6, p. 1.) Defendant did not respond to the Letter and, according to Plaintiff, instead continued to make "baseless protests against liability." (Doc. 19, pp. 7–8; see also doc. 24, p. 5.)

Defendants offer several arguments in opposition to an award of attorney's fees. First, they assert that the prevailing party in an admiralty and maritime case cannot recover attorney's fees as a matter of course. (Doc. 24, p. 2 n.2 (quoting Natco Ltd. P'ship v. Moran Towing of Fla., Inc., 267 F.3d 1190, 1193 (11th Cir. 2001).) They also claim that attorney's fees under O.C.G.A. § 13-6-11 are not recoverable as a matter of law, (id. at p. 4), and that, in any event, Plaintiff's assertion of bad faith and stubborn litigiousness is without merit, (id. at pp. 4–5).

8

Even assuming that attorney's fees under O.C.G.A. § 13-6-11 are recoverable in federal maritime cases, the Court declines to grant summary judgment in favor of Plaintiff on the issue. The relevant statute states:

> The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, *the jury may allow them.*

O.C.G.A. § 13-6-11 (emphasis added). "[T]he intent of the law, as shown by the words, 'the jury may allow them,' is to leave the matter of expenses of litigation to the jury trying the case." Covington Square Assocs., LLC v. Ingles Mkts., Inc., 696 S.E.2d 649, 650 (Ga. 2010) (quoting Taylor v. Estes, 70 S.E.2d 82, 84 (Ga. 1952)). "As a result, 'it has long been held . . . that in suits where the expenses of litigation might be recovered as part of the damages, it is error for the trial court to direct a verdict therefor. The matter of such expenses is left solely to the jury.'" Id. (alteration in original) (quoting Polma, Inc. v. Coastal Canvas Prods. Co., 405 S.E.2d 531, 532–33 (Ga. Ct. App. 1991)). In Covington Square Associates, the Georgia Supreme Court held that "the language of O.C.G.A. § 13-6-11 prevents a trial court from ever determining that a claimant is entitled to attorney fees as a matter of law." 696 S.E.2d at 650; see also id. at 651 ("[B]ecause both the liability for and amount of attorney fees pursuant to O.C.G.A. § 13-6-11 are solely for the jury's determination, a trial court is not authorized to grant summary judgment in favor of a claimant therefor.").

Here, Plaintiff has asked the Court to grant her attorney's fees and expenses pursuant to O.C.G.A. § 13-6-11 via summary judgment. (Doc. 19, p. 8.) However, based on clear Georgia Supreme Court case law, the Court is not authorized to do so. Accordingly, the Court **DENIES** Plaintiff's Motion for Partial Summary Judgment on the issue of attorney's fees. (Doc. 19.)

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Partial Summary Judgment. (Doc. 19.) The Court **GRANTS** the Motion and enters summary judgment in favor of Plaintiff on the issues of whether Defendants owed Plaintiff a duty of reasonable care, whether Defendants breached that duty when the Incident occurred, and whether that breach caused the Incident. However, the Court **DENIES** the remainder of the Motion, and finds that, as to the issues of medical causation, damages, and attorney's fees, genuine disputes of material fact remain which the jury must resolve. (Id.)

**SO ORDERED**, this 15th day of January, 2021.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA